## PARKER *v.* STEPHENS.

Opinion delivered February 5, 1923.

1. CONTRACTS—DAMAGES FOR BREACH—EVIDENCE—In an action by a subcontractor to recover damages for breach of contract for hauling stone for the contractors of a road improvement district, evidence *held* to sustain a verdict for the plaintiff.

2. CONTRACTORS—CONCLUSIVENESS OF ENGINEER'S ESTIMATES.—Where, under a contract for hauling stone, it was the plaintiff's duty to roll as well as haul the stone, in his action for stone hauled and for damages for breach of the contract, he was not concluded as to the amount hauled by him by monthly settlements based on the engineer's estimates, if they included only the stone that was rolled, and not the stone that was hauled but not rolled.

3. APPEAL AND ERROR—MODIFICATION OF JUDGMENT.—Where a subcontractor of a road improvement district agreed to return certain trucks in good condition, in his action against the contractors for hauling stone and for breach of the contract, where the evidence was not conclusive that an amount paid by defendants for repairs of the trucks was necessary to place them in as good condition as when they were received, and it cannot be shown from the amount claimed by plaintiff and the amount of the verdict that the whole of the repair bill was not allowed by the jury, the judgment will not be reduced in the amount of the repair bill.

4. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict must be upheld on appeal if there is any evidence of a substantial character to uphold it.

5. CONTRACTS—BREACH—PREMATURE ACTION.—Although a contract provided that a subcontractor should not be paid a retained percentage until the contract was completed, an action by him before its completion was not premature where defendants prevented him from performing the contract.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

### STATEMENT OF FACTS.

John B. Stephens sued R. C. Parker and C. R. Lowery to recover a judgment in the sum of $9,837.02 for an alleged breach of contract for hauling stone by him for the defendants, to be used by them in constructing and improving a highway in Logan County, Ark. The defendants denied any breach of the contract on

their part, and asked for a judgment against the plaintiff in the sum of $1,739.33 for damages sustained by them by reason of an alleged breach of the contract on his part.

It appears from the record that the defendants, R. C. Parker and C. R. Lowery, made a contract with the commissioners of a road improvement district to construct and improve a road between Paris and Roseville, in Logan County, Ark. On Oct. 1, 1920, R. C. Parker and C. R. Lowery entered into a written contract with John B. Stephens whereby the latter was to do the work of hauling all the crushed stone to be used in constructing the Paris and Roseville Highway for the price of $1.50 per cubic yard, from any quarry selected by said contractors. Said contractors also agreed to pay Stephens at the end of each month after the work began 75 per cent. of the total amount earned during the preceding thirty days, and to pay the remaining 25 per cent. at the conclusion of the entire contract. Said contractors also agreed to let to Stephens the hauling of all the sand required, at $2.50 per cubic yard, from any location within five miles of the place to be delivered. Said Stephens agreed to furnish trucks to remove the crushed stone from the station to location, and also to roll the stone when spread on the roadbed, as required by the road engineer. Stephens also agreed to return to the county, in good condition, the government trucks which should be furnished to him with which to haul the crushed stone.

John B. Stephens was a witness for himself. The written contract contained no provision for the measurement of the crushed stone which should be hauled by Stephens. According to his testimony, the crushed stone was to be hauled in government trucks which were furnished by the county judge for that purpose. Stephens was substituted for another person to whom had been let the contract for hauling the crushed stone by Parker and Lowery. It was understood by the parties to this suit that the amount of crushed stone hauled by Stephens

under the contract should be ascertained by measuring the bed of the truck in which the stone was hauled. There were two trucks that had indentically the same size bed, and they measured to hold a fraction over two yards each. The other truck used in hauling the stone held three yards, according to measurement.

According to the testimony of Stephens, he hauled 3,733 cubic yards of rock under the contract. Mr. Ellis and Mr. Kirkpatrick hauled for him, respectively, 684 and 1,564 yards. This made a total of 5,981 yards hauled under the contract. At $1.50 per cubic yard, the amount due would be $8,971.50. Stephens was paid $5,691.30, and this left the defendants owing him a balance of some-thing over $3,000. The defendants stopped Stephens from fulfilling his contract, and owed him over $1,100 damages on that account. Stephens in every way com-plied with the contract on his part.

The above is a brief summary of the testimony of Stephens himself, and it is corroborated by that of other witnesses. In every particular the other parties whom he hired to haul stone for him corroborated his testimony as to the amount of stone hauled by them for Stephens, and also as to the amount hauled by Stephens himself. On the other hand, the evidence for the defendants tend-ed to show that the amount of crushed stone hauled by Stephens under his contract was to be determined by the estimates furnished by the engineer of the road dis-trict. All the witnesses for the defendants said that a more accurate measurement of the stone hauled could be made after the stone was laid on the roadbed than by measuring the bed of the trucks in which the stone was hauled.

The secretary of the road district was a witness for the defendants, and made a detailed statement of the monthly estimates of the crushed stone hauled by Stephens under the contract, and the various payments made thereunder. Stephens accepted these estimates and settlements as the amount due him under the contract.

Other evidence will be stated or referred to in the opinion.

The jury returned a verdict for the plaintiff in the sum of $2,783.87, and from the judgment rendered the defendants have duly prosecuted an appeal to this court.

*R. J. White* and *J. H. Carmichael*, for appellants.

1. Appellee, by his acceptance of the estimates and settlements, and his failure to show any other manner of settlement, is concluded by the figures of the engineer. When there is nothing to do but make additions of figures, and the verdict is contrary to the results so obtained, the verdict is not supported by the evidence. 79 Ark. 530.

2. Under the contract appellant should have been allowed credit for the sum necessary to place the trucks in proper repair.

3. The suit was prematurely brought. The road was not completed and the contract fulfilled, and the retained percentages were not due. 148 Ark. 192. See also 90 Ark. 236.

4. Appellee first breached the contract by not doing the work promptly, by not staying diligently on the job, and by not fulfilling contract in reference to rolling the rock. The party to a contract who commits the first substantial breach cannot maintain a suit upon the contract. 98 Ark. 160; 60 C. C. A. 623.

*Thos. H. Rogers* and *W. B. Rhyne,* for appellee.

Appellant's contentions 1 and 2 are not supported by the record. They concerned disputed facts, and the verdict of the jury is conclusive. The question of the suit being premature, even if sustained by the facts, cannot be considered, for the matter was not urged in the trial court and cannot be presented here for the first time. 76 Ark. 48; 68 Ark. 71. The evidence shows that the contract was ended by consent of all parties.

HART, J., (after stating the facts). The main reliance of the defendants for a reversal of the judgment

is that the verdict is not supported by the evidence. The evidence of the plaintiff as to the amount of crushed stone hauled under the contract is based upon the measurement of the beds of the trucks in which the crushed stone was hauled. A measurement of the beds of two of the trucks shows that they held a fraction over two yards each, and the other, three yards of crushed stone at a load.

The witnesses for the plaintiff testified that the beds of the trucks were well filled at each load.

It is contended by the defendants, however, that this method of measuring the amount of crushed stone hauled is not accurate. They introduced evidence tending to show that a more correct method of ascertaining the crushed stone was to measure it after it had been spread on the roadbed. Hence they contend that the measurement made by the engineer of the road district in this way should govern. This may be true, but their contention is not conclusive. The evidence for the plaintiff shows that the measurement of the truck bed was a correct and convenient way of ascertaining how much crushed stone had been hauled under the contract. The testimony of the plaintiff also showed that this method had been used by the party with whom the first contract to haul rock had been made, and that, when he was substituted for that party, it was understood that the amount of crushed stone hauled under the contract should be ascertained by measuring the truck beds and filling them up as each load was hauled. Hence the jury had a right to use this method in ascertaining the amount of stone hauled under the contract.

It is also contended by the defendants that the estimates made by the engineer of the road district were more accurate as to the number of yards of stone hauled. This may be true, but it cannot be said that the evidence of the plaintiff is not of a substantial character, and therefore cannot support the verdict. He testifies in positive and definite terms as to the amount of stone

hauled by himself and by two other parties for him. His testimony in this respect is corroborated by the two persons who hauled stone for him. The jury had a right to believe the testimony of these witnesses and to base its finding upon their testimony.

Again, it is insisted by the defendants that the plaintiff accepted the estimates made by the engineer of the road district, and, having received payment based upon the percentage he was to receive under the contract, he is concluded by the settlements, and the district is only liable to him for the retained percentage of 25 per cent. We do not think the testimony of the defendants on this point is uncontradicted. Under the contract it was the duty of the plaintiff to roll the stone after it was placed on the surface of the road. According to his testimony, the defendants would not pay him for stone which had been hauled by him and which had not been rolled at the time the monthly payments were made. In this way he accounts for the shortage in payment, and says that the defendants would not pay him for stone which had been hauled and spread on the road but which had not been rolled at the time the settlement was made. Hence it cannot be said that, under the undisputed testimony, he is bound by the settlements made with the defendants as shown by the report introduced in evidence by the defendants.

Again, it is insisted by the defendants that the undisputed evidence shows that the defendants paid $800 to repair the government trucks borrowed from the county, and that it was the duty of the plaintiff to make these repairs. Hence they insist that the judgment should be reduced by this amount in any event.

There are two answers to this contention of the defendants. While it is true that the uncontradicted evidence shows that the defendants paid $800 to repair the trucks, still the uncontradicted evidence does not show that these repairs were necessary to place the trucks in as good condition as they were when they were received

from the county. According to the testimony of the plaintiff, all that was necessary to place the trucks in as good condition as they were when received from the county would be to put in a missing differential in two of the trucks. This would not cost anything near the sum of $800. In the second place, we cannot know but that the jury might have allowed the whole of the $800 in arriving at its verdict.

Besides the testimony of the plaintiff, abstracted above, he testified that the defendants owed him $2,456.93, for the 25 per cent. retained by them under the contract. His testimony as to this amount is unequivocal, and he says that it is based on the actual yardage of crushed stone hauled by him. In the same connection he testified that the defendants owed him an additional sum of $1,137 for stone hauled and for which they had made no settlement with him. He also claims an additional amount for damages because they stopped him from completing his contract, and thereby prevented him from earning a profit of something over $1,000 for stone which he was not allowed to haul.

But it is insisted by the defendants that the testimony of the plaintiff is inconsistent, and in some respects contradictory, and that this is shown by the fact that the verdict of the jury is not based on the estimates made by the plaintiff, but is in the nature of a compromise between the claim by the plaintiff and that made by the defendants.

The contention of the defendants in this respect cannot operate to reverse the judgment. If we were trying the case *de novo,* it would be proper to consider it in order to determine whether the finding of facts made by the chancellor was against the weight of the evidence. This is an appeal from a judgment at law, however, and we can only review it for errors made by the circuit court in trying the case. We cannot undertake to determine whether or not the verdict of the jury is in all respects consistent. Under the settled practice in this

testimony in this respect is contradicted by that of the State, the verdict of a jury must be upheld on appeal if there is any evidence of a substantial character to support it. We are not required, and indeed we are not permitted, to inquire into the consistency of the verdict of the jury. The jury has the exclusive right to weigh the testimony and to accept all or any portion of it which it believes to be true.

While, according to the plaintiff's testimony, if accepted by the jury in its entirety, he was entitled to a larger verdict, yet his testimony is of a substantive character and is sufficient to support the verdict for a less amount.

Finally, it is insisted by the defendants that the suit was prematurely brought, and for that reason the judgment should be reversed. Their contention is that the record does not show that the road was completed at the time the suit was brought, and that, under the contract, the defendants were not liable for the retained percentage until the road was completed.

This would be true if the defendants had allowed the plaintiff to complete his contract of hauling. According to their testimony, the plaintiff breached the contract, but according to his testimony the defendants breached the contract and prevented him from completing it, and thus the contract was ended in so far as he was concerned. The plaintiff testified that he was not given the right to haul the sand as provided in the contract, and, while his defendants, yet the verdict of the jury in his favor is conclusive upon us. Hence it can not be said that the suit was prematurely brought.

We find no reversible error in the record, and the judgment will therefore be affirmed.